UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEANNA PELLETIER, an individual, on her own behalf and on behalf of all others similarly situated,

        Plaintiff,

   v.

PACIFIC WEBWORKS, INC., a Nevada corporation, and JOHN DOES,

        Defendant.

NO. CIV. S-09-3503 FCD KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Pacific WebWorks, Inc.'s ("defendant" or "WebWorks")[1] motion for summary judgment in this putative class action brought by plaintiff Deanna Pelletier ("plaintiff") on behalf of herself, and all similarly situated California residents, who "submitted payment information to a [WebWorks] website" to purchase the company's

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(g).

1

1  products or services and were overcharged by the company for the
2  products or services.  (Compl., filed Dec. 18, 2009, ¶ 44.)
3  Defendant moves for summary judgment on the sole ground that
4  plaintiff has no evidence she was a customer of WebWorks and
5  therefore cannot sustain any of her claims for relief, either
6  individually or on behalf of the putative class of customers.

7  By this action, plaintiff alleges claims for relief for
8  (1) violation of California's False Advertising Law, Cal. Bus.
9  & Prof. Code § 17500 *et seq.*; (2) violation of California's
10 Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*;
11 (3) violation of California's Unfair Competition Law, Cal. Bus. &
12 Prof. Code § 17200 *et seq.*; (4) unjust enrichment; and (5) breach
13 of contract.  These claims for relief condition either standing
14 or recovery on plaintiff's proof of actual reliance on
15 defendant's misrepresentations, injury and/or damages.[2]
16 Defendant maintains that because plaintiff has no proof she was a
17 customer of WebWorks, she necessarily cannot demonstrate she was
18 injured by WebWorks' alleged misrepresentations and unlawful
19 acts--essential elements of her claims for relief.[3]

---

[2] Defendant removed the action to this court on the basis of the Class Action Fairness Act.  (Docket #1.)

[3] See e.g. Pfizer Inc. v. Sup. Ct., 182 Cal. App. 4th 622, 630 (2010) (recognizing that California's False Advertising Law provides a private person standing to sue only when the person has "suffered injury in fact and has lost money or property as a result of a violation" of the statute); Cal. Civ. Code § 1780 (similarly requires that the consumer suffer "damage" as result of the defendant's violation of the statute); Cal. Bus. & Prof. Code § 17204 (requiring that a person suffer "injury in fact and [have] lost money or property as a result of the unfair competition" as well as proof of actual reliance on the defendant's unlawful conduct); Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1593 (2008) (holding a claim based on unjust enrichment requires "receipt of a benefit and the unjust

2

1   Plaintiff opposes the motion, proffering her declaration,
2 and exhibits attached thereto, as proof that she purchased a
3 WebWorks' product as a gift for her fiancé and was overcharged
4 for the item.[4]  At a minimum, plaintiff argues her declaration
5 creates a triable issue of fact as to the central issue raised by
6 the motion--whether she was a customer of WebWorks.
7   The court agrees that plaintiff's declaration sufficiently
8 raises a triable issue of fact adequate to withstand summary
9 judgment, and thus, defendant's motion is properly summarily
10 DENIED.  While plaintiff's declaration may well not, as defendant
11 argues, *conclusively* prove that plaintiff purchased a WebWorks'
12 product, that is not the relevant standard on a motion for
13 summary judgment.  Fed. R. Civ. P. 56(c) (providing that summary

---

retention of the benefit at the expense of another); Navellier v. Sletten, 106 Cal. App. 4th 763, 775 (2003) (emphasizing that "damages are, of course, a necessary element of the breach of contract cause of action").

[4]   The parties spend a significant portion of their briefing describing defendant's various informal and formal discovery requests to plaintiff concerning her claimed status as a customer of WebWorks.  Primarily, defendant faults plaintiff for failing to provide defendant with, what it contends is, the necessary information to ascertain whether plaintiff was a WebWorks' customer, and plaintiff claims she has provided defendant with sufficient information to verify her purchase of the subject product.
   It is noteworthy that defendant has not filed a motion to compel discovery responses from plaintiff or noticed her deposition.  Instead, after largely informal discovery between the parties, defendant chose to file the instant motion.  Indeed, this case is in its early stages; post-certification discovery does not close until September 30, 2011 and the post-certification disposition motion cut-off is January 27, 2012; trial is not set to commence until July 31, 2012.  (Amended Status (Pretrial Scheduling) Order, filed July 16, 2010.)  Ultimately, the parties' dispute over discovery in this case is not relevant to the motion.  The court considers herein only admissible evidence proffered by the parties on the motion.  If there are discovery disputes between the parties, that is an issue for consideration by the magistrate judge.

3

1  judgment is appropriate when it is demonstrated that there exists
2  no genuine issue as to any material fact, and that the moving
3  party is entitled to judgment as a matter of law); <u>Adickes v.</u>
4  <u>S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).  Plaintiff is not
5  required to conclusively prove the essential elements of her
6  claims, but rather must only raise *sufficient* evidence to create
7  a triable issue of fact on the relevant issue.  <u>First Nat'l Bank</u>
8  <u>v. Cities Serv. Co.</u>, 391 U.S. 253, 288-289 (1968) (recognizing
9  that to establish the existence of a factual dispute, the
10 opposing party need not establish a material issue of fact
11 conclusively in its favor, but rather, it is sufficient that "the
12 claimed factual dispute be shown to require a jury or judge to
13 resolve the parties' differing versions of the truth at trial").
14 For the following reasons, plaintiff has proffered sufficient
15 evidence to raise a triable issue of fact that she was a customer
16 of WebWorks.
17      As described in plaintiff's declaration, on or about July
18 29, 2009, plaintiff viewed an email solicitation sent from
19 WebWorks that advertised the sale of a work-at-home opportunity
20 product purporting to be affiliated with Google, Inc. (the
21 "Google Business Kit").  (Pl.'s Stmt. of Disp. Facts, filed Nov.
22 5, 2010 [Docket #45] ["DF"], ¶ 1.)[5]  The email solicitation
23 contained a link to a website that was operated by WebWorks.
24 From her review of the website, plaintiff believed she could
25 purchase the Google Business Kit from WebWorks for $1.97.  (DF
26 ¶ 2.)

---

28  [5]  (<u>See also</u> Def.'s Reply to Pl.'s DF, filed Nov. 12, 2010 [Docket #52].)

4

1    To purchase the Google Business Kit, plaintiff entered her
2 Pay Pal debit card account information on WebWorks' website
3 transactions page.  (DF ¶ 4.)  Plaintiff wanted to give the kit
4 as a gift to her fiancé, Chris Dornaus ("Dornaus").  (DF ¶ 5.)
5 As a result, she entered Dornaus' name as the individual who
6 would receive the kit.  (DF ¶ 6.)  Shortly thereafter, plaintiff
7 noticed that WebWorks charged her Pay Pal debit card account
8 $79.90 in addition to the $1.97 for the price of the kit.  (DF
9 ¶ 7.)  Plaintiff claims that at no time did she consent to be
10 charged $79.90 for any product or service offered by defendant.
11 (DF ¶ 8.)  Upon noticing the unauthorized charges, plaintiff
12 states she telephoned defendant repeatedly, informing a WebWorks'
13 representative that she never authorized the $79.90 charge, and
14 she never received the Google Business Kit that she had purchased
15 for $1.97.  (DF ¶ 9.)  Plaintiff requested that defendant cancel
16 her order and refund her the full amount to her Pay Pal debit
17 card account.  (DF ¶ 10.)

18    Defendant did not issue the refund.  (DF ¶ 10.)  Instead,
19 plaintiff claims defendant continued to charge her account for
20 products she did not purchase, charging her Pay Pal account an
21 additional $24.90 in August, September and October 2009. (DF
22 ¶ 11.)  To date, plaintiff maintains that defendant has charged
23 and collected from her Pay Pal debit card account $154.60.  (DF
24 ¶ 16.)  Plaintiff states that neither she nor Dornaus has
25 received the Google Business Kit, and defendant refuses to refund
26 her the monies charged to her account.  (DF ¶ 14-15.)
27    Defendant disputes these facts, providing evidence that it
28 has searched its customer records, using the information

5

1 plaintiff previously provided it (in response to defendant's
2 informal discovery requests),[6] but cannot find any record of a
3 transaction with plaintiff.  (Pl.'s Corrected Resp. to Def.'s
4 Stmt. of Undisp. Facts, filed Nov. 8, 2010 [Docket #49] ["RUF"],
5 ¶ 12.)[7]  Specifically, defendant maintains it searched its
6 records by (1) plaintiff's name, (2) the date of the alleged
7 transaction, (3) plaintiff's email address, and (4) the last four
8 digits of an account number plaintiff provided defendant, but
9 defendant did not find any transaction with plaintiff.  (RUF ¶s
10 12, 19.)  Defendant emphasizes that it has not been able to
11 search for a transaction with plaintiff by a specific credit card
12 number because plaintiff has not provided defendant with any full
13 account numbers.  (RUF ¶s 13-14, 16-17.)  Defendant contends that
14 from the search of its records, it appears Dornaus is the person
15 who engaged in the alleged transactions with WebWorks, not
16 plaintiff.  (RUF ¶ 21.)

17     Contrary to defendant's protestations, whether plaintiff was
18 a customer of WebWorks is a disputed issue of fact.  While
19 defendant offers evidence that it has been unable, to date, to
20 establish, on its own, that plaintiff was a customer of WebWorks,

---

[6] Prior to defendant filing the motion, plaintiff provided defendant with the following information: (1) a document, created during the course of the litigation, purporting to summarize plaintiff's transaction with defendant; (2) a Pay Pal account statement, which did not contain any names, addresses or other identifying information, including any account numbers; (3) plaintiff's email address; (4) a reference to transaction number, "GO-WEB-BEZ 866-511-2427;" (5) a date or possible date range when the transaction took place; and (6) the last four digits of two account or credit card numbers that plaintiff alleges she used in the transaction.  (RUF ¶ 11.)

[7] (See also Def.'s Reply to Pl.'s Corrected Resp. to Def.'s Stmt. of Undisp. Facts, filed Nov. 12, 2008 [Docket #53].)

6

plaintiff offers, in response to the motion, sufficient evidence to establish a triable issue of fact on the issue.  Plaintiff attests, under penalty of perjury, that she purchased a WebWorks' product for $1.97 but was overcharged for the product, and the intended recipient of the product, Dornaus, never received it. In support of her declaration, plaintiff offers certain Pay Pal receipts which she claims support the factual statements in her declaration.  Defendant argues the attached exhibits do not prove plaintiff's allegations, but that is not the relevant inquiry. To withstand summary judgment, plaintiff is not required to conclusively prove her case, but rather, must only raise sufficient evidence to create a triable issue of fact.  <u>First Nat'l Bank</u>, 391 U.S. at 288-89.  Via her declaration, plaintiff has done so here.

Ultimately, it is for the jury to determine the weight to be given to plaintiff's testimony.  Defendant can challenge at trial the sufficiency of plaintiff's proof of her allegations, attacking as inadequate the various Pal Pay receipts plaintiff offers to establish her status as a WebWorks' customer.  However, the parties' dispute is one this court cannot resolve on a motion for summary judgment where the evidence must be construed in plaintiff's favor, and plaintiff is only required to raise sufficient evidence to create a triable issue for the jury. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248, 251-52 (1986) (holding that in resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party).

Accordingly, for the foregoing reasons, defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

DATED: November 29, 2010

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE