UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEANNA PELLETIER,

      Plaintiff,

vs.

PACIFIC WEBWORKS, INC.,

      Defendant.

      No. CIV S-09-3503 KJM KJN

ORDER

_____/

      This matter is before the court on plaintiff's motion for leave to file an amended complaint and defendant's motion for judgment on the pleadings. This matter was decided without a hearing. For the following reasons, plaintiff's motion is granted in part and denied in part and defendant's motion is denied.

I.    FACTS AND PROCEDURAL HISTORY

      Plaintiff alleges that on July 26, 2009 she received an email advertising a "Google work-at-home opportunity" sent by an affiliate publisher of proposed defendant Bloosky. (Proposed Am. Compl. ¶ 37, ECF 88-1.) She clicked on a message in the email that took her to a fake news article created, published, and hosted by Bloosky's affiliate publisher describing the

experience of a woman who used defendant's product to make $5,000 a month. (*Id*.) When she clicked on an advertisement in the news article, she was directed to defendant's landing page where the Google Business Kit (the Kit) was offered for $1.97. (*Id*.) Plaintiff authorized defendant to bill her debit card $1.97; however, defendant charged plaintiff an additional $79.90 without her authorization, of which it remitted a portion to proposed defendant Bloosky. (*Id*. ¶¶ 39-40.) Plaintiff called defendant repeatedly seeking a refund; however, she did not receive a refund and was instead charged recurring amounts of $24.90. (*Id*. ¶¶ 41-43.) Moreover, plaintiff has not received the Kit. (*Id*. ¶ 45.)

Plaintiff filed her class action complaint in Solano County Superior Court on November 12, 2009. (Notice of Removal, Ex. A, ECF 1.) Defendant removed the complaint to this court on December 18, 2009. (Notice of Removal, ECF 1.) Defendant filed a motion for summary judgment on August 31, 2010. (ECF 30.) Judge Damrell denied defendant's motion on November 29, 2010. (ECF 58.) Plaintiff filed a motion for leave to file an amended complaint on February 2, 2011. (ECF 63.) Defendant filed a counter-motion for judgment on the pleadings on March 2, 2011. (ECF 69.) The matters were submitted without oral argument on April 1, 2011. (ECF 75.) The parties stipulated to a stay of litigation on May 4, 2011 (ECF 76), which the court granted the same day (ECF 77). Upon requests from the parties, the court extended the stay of litigation on July 7, 2011 (ECF 79) and again on September 6, 2011 (ECF 83). Upon request of the parties, the court lifted the stay on October 11, 2011, and directed the parties to re-notice their motions or submit notification of withdrawal. (ECF 86.)

///

///

///

///

Defendant re-noticed its motion for judgment on the pleadings on October 24, 2011. (ECF 87.) Plaintiff filed her opposition on November 16, 2011. (ECF 92.) Plaintiff re-noticed her motion for leave to file an amended complaint on October 25, 2011. (ECF 88.)[1] Defendant filed its opposition, contending that amendment of all claims but plaintiff's breach of contract claim would be futile, on November 15, 2011. (ECF 90 at 3.) Plaintiff filed her reply on November 23, 2011 (ECF 93) and an amended reply on November 24, 2011 (ECF 94).[2]

II.  ANALYSIS

    A.  Standard

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party

---

[1] Plaintiff's proposed amended complaint would allege nine (9) claims: (1) violation of California's False Advertising Law ("CFLA"), Cal. Bus. & Prof. Code § 17500, et seq.; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) fraud in the inducement; (5) conspiracy to commit fraud in the inducement; (6) breach of contract; (7) restitution/unjust enrichment against defendant; (8) restitution/unjust enrichment against defendant Bloosky; and (9) violation of Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 and Regulation E, 12 C.F.R. 205, et seq.

[2] Plaintiff's amended reply is fifteen pages long, which exceeds the limits set forth in this court's standing order. Although the order was not issued in this case due to the late stage of litigation at which this case was transferred, the page limits set forth in Judge Damrell's standing order are the same (ECF 3). The court has considered the whole of plaintiff's amended reply but cautions plaintiff to observe the limits in the future.

seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*.

      Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining whether a proposed amendment is futile, the court applies the Federal Rule of Civil Procedure 12(b)(6) standard for determining sufficiency of pleadings. *Id*.

///

///

///

B.     Application

      1.     Fraud-based Claims

Defendant contends plaintiff fails to plead her fraud-based claims – violation of the CFLA, the CLRA and the UCL, as well as fraud in the inducement and conspiracy to commit fraud in the inducement – with specificity as required by Federal Rule of Civil Procedure 9(b). (Def.'s Opp'n at 4.)  Defendant supports this contention by maintaining plaintiff should have and has not provided "specific allegations regarding the precise statements, landing pages, solicitations, or misrepresentations that Plaintiff herself claims to have received." (*Id*. at 5.) Defendant further contends that plaintiff must have and failed to describe defendant's participation in the alleged fraud. (*Id*. at 7.)

Plaintiff contends that her allegations satisfy Rule 9(b) as she set forth facts describing defendant's fraudulent conduct. (Pl.'s Reply at 6-11.)

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. While mere conclusory allegations of fraud will not suffice, statements of time, place and nature of the alleged fraudulent activities will." *Bosse v. Cromwell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) (internal citations omitted). "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation omitted). "California law identifies the elements of a fraud claim as: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity;

///

(3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009).

        Plaintiff's allegations in her amended complaint are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). *Kearns v. Ford Motor Company* is instructive here. In that case, the Ninth Circuit found plaintiff's complaint did not meet Rule 9(b)'s standard where the plaintiff did not specify what the advertisements and other sales material allegedly relied upon by the plaintiff stated, which sales material the plaintiff relied upon, and who made the misleading statements plaintiff relied upon and when these statements were made. *Kearns*, 567 F.3d at 1126.

        Here, as noted, plaintiff alleges she received an email solicitation on July 26, 2009, sent by an affiliate publisher of proposed defendant Bloosky. (Proposed Am. Compl. ¶ 37.) This email contained a link that plaintiff followed, taking her to an allegedly fake news article describing the experience of a woman who successfully used this product and contained an advertisement that offered the Kit for $1.97. (*Id*.) Plaintiff was directed from this news article to defendant's landing page where the Kit was offered for $1.97, where she authorized defendant to bill her debit card $1.97. (*Id*. ¶¶ 37, 39.) However, plaintiff alleges defendant charged and collected an additional $79.90 without her authorization. (*Id*. ¶ 39.) Plaintiff is not required at this stage to "explain the context of the term 'Total $1.97'" or the "remaining content of WebWork's landing page" as defendant contends. (Def.'s Opp'n at 6.)

        Moreover, plaintiff clearly delineates defendant's role in the alleged fraudulent scheme. Plaintiff contends that defendant offered the Kit for $1.97 on its landing page and that it charged her the unauthorized $79.90. (Proposed Am. Compl. ¶¶ 37, 39.) More generally,

plaintiff alleges that defendant's landing pages contain false and misleading information upon which she relied. (*Id*. ¶¶ 13-20.)

In arguing that plaintiff does not meet Rule 9(b)'s standard with respect to her allegations of omission and nondisclosure, defendant relies on the fact that she does not include the landing pages she viewed. As support, defendant cites to a Northern District of California case where the court held that "to plead circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchases and that failed to include the allegedly omitted information." *Marolda*, 672 F. Supp. 2d at 1002. However, the requirements set forth by the *Marold*a court go beyond the Ninth Circuit's application of Rule 9(b) and have been rejected by another court in the Northern District of California. This court agrees with the standard set forth in *Ferrington v. McAfee, Inc*., 2010 U.S. Dist. LEXIS 106600 (N.D. Cal. Oct. 5, 2010), in which the court states that it does not believe "Rule 9(b) requires every plaintiff alleging misleading or deceitful advertising to attach a copy of the allegedly misleading ad to the complaint. . . . If a written description of the misleading ad or web page is 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud,' such description is sufficient to satisfy the requirements of Rule 9(b)." 2010 U.S. Dist. LEXIS 106600, at *15-16 (quoting *Semegen*, 780 F.2d at 731). Moreover, as pointed out by the *Ferrington* court, the *Marolda* court in other language indicated that "a plaintiff may *either* 'describe the contents of the allegedly false representation in detail . . . *or* she may simply attach a copy of the offer.'" *Id*. at *16 (quoting *Marolda*, 672 F. Supp. 2d at 1001 (emphasis added in *Ferrington*)). In addition, the *Marolda* court later states that "[a] succinct, plain statement, reflecting an adequate consideration of whether fraud need be alleged at all and advancing a

7

coherent, well-documented narrative would have sufficed." *Marolda*, 672 F. Supp. 2d at 1002. Here plaintiff provides sufficient descriptions of the content of the landing pages and news articles upon which she relied. (*See, e.g.*, Proposed Am. Compl. ¶¶ 13-17, 19-20, 23-26.)

Plaintiff's allegations are sufficient to meet Rule 9(b)'s heightened pleading standard. Her motion for leave to amend is granted insofar as she seeks to amend claims I to V of her complaint.

2. CLRA

Defendant contends that plaintiff fails to state a claim for violation of the CLRA in that the CLRA does not protect transactions for the sale of computer software because computer software is neither a good nor a service. (Def.'s Opp'n at 9.)

Plaintiff contends that she never alleges the Kit is computer software and that the Kit is "an actual, physical product." (Pl.'s Reply at 12-13.) Plaintiff also maintains that this is a question of fact not to be determined at this stage. (*Id.* at 13.)

The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." CAL. CIV. CODE § 1770(a). The CLRA defines goods as "tangible chattels bought or leased for use primarily for personal, family, or household purchases . . . ." CAL. CIV. CODE § 1761(a). Defendant relies on *Ferrington*'s finding that computer software is not a good covered by the CLRA to support its contention; however, as plaintiff notes, in that case the plaintiff had downloaded a program from the internet. The cases relied upon by the *Ferrington* court likewise concern computer downloads. *See Ferrington*, 2010 U.S. Dist. LEXIS 106600, at *54-55. This is not the situation here. The case of *Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224 (2007), in which the California Court of Appeal for the Fourth Appellate District found that a credit card is not a good for purposes of

the CLRA, is instructive. The court specifically found that "[t]he extension of credit is not a tangible chattel. True, a plastic card is tangible. But the card has no intrinsic value and exists only as indicia of the credit extended to the cardholder." *Berry*, 147 Cal. App. 4th at 229. Here, plaintiff purchased a Kit from defendant, which was to be sent to her. Unlike the acquisition of a credit card, plaintiff tendered money for the Kit in the expectation of receiving a physical, tangible product. It is immaterial whether or not plaintiff actually received the Kit.

Thus, plaintiff states a valid claim for violation of the CLRA and her motion for leave to amend is granted as to this claim.

3.   Restitution/Unjust Enrichment

Defendant contends amendment of plaintiff's claim for restitution/unjust enrichment is futile as California law does not provide for a cause of action for unjust enrichment and, in any event, a claim for unjust enrichment cannot lie where the parties have an enforceable express contract. (Def.'s Opp'n at 10 (quoting *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (Cal. App. Ct. 2010).) Here, defendant contends, parties have a valid express contract. (*Id.*)

Plaintiff's contention that her unjust enrichment claim is pled in the alternative to her breach of contract claim is unavailing. (Pl.'s Reply at 11, 12 n.9.) It is well established that "restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *Durell*, 183 Cal. App. 4th at 1370 (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004)).

Although there is no cause of action for unjust enrichment in California, plaintiff may seek restitution. *Durell*, 183 Cal. App. 4th at 1370. However, in this case, plaintiff's claim for restitution is futile. "'Under federal law, stipulations and admissions in the pleadings are

generally binding on the parties and the Court.'" *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." *Id*. at 227 (emphasis omitted). Here, plaintiff alleges she entered into a contract with defendant (Proposed Am. Compl. ¶ 112) and defendant admits that the parties entered into an enforceable contract (Def.'s Opp'n at 10). The court accepts defendant's admission as binding on the remainder of the litigation.

Plaintiff's motion to amend is denied insofar as she seeks to maintain a claim for restitution/unjust enrichment against defendant and claim VII is stricken from the amended complaint.

    4.  EFTA

Defendant contends plaintiff's EFTA claim is barred by the applicable statute of limitations. (Def.'s Opp'n at 11.) Specifically, defendant cites to EFTA's one-year statute of limitations, which in the context of preauthorized recurring transactions begins to run when the first recurring transfer takes place. (*Id*. (quoting *Wike v. Vertrue, Inc*., 566 F.3d 590, 593 (6th Cir. 1999).) Defendant maintains that as plaintiff claims she authorized it to bill her debit card on July 26, 2009, the first transfer would have occurred at some time in August 2009 and therefore she must have filed her EFTA claim by August 2010; instead, she brought her original motion to amend with the EFTA claim on February 2, 2011. (*Id*.)

Plaintiff counters that her EFTA claim relates back to the same set of facts regarding defendant's alleged deceptive marketing and cramming scheme set forth in the original complaint in accordance with Federal Rule of Civil Procedure 15(c)(1). (Pl.'s Reply at 4-5.) In addition, plaintiff contends that no prejudice will result and that defendant's counsel was aware of the likelihood of plaintiff's adding an EFTA claim before the statute of limitations expired. (*Id*. at 5-6.)

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989)). In order for relation back to apply, the complaints must "share a common evidentiary base." *Markus v. Gschwend* (*In re Markus*), 313 F.3d 1146, 1151 (9th Cir. 2002).

In her original complaint, plaintiff alleged that defendant billed her credit card. (Compl. ¶ 38.) However, in her proposed amended complaint, plaintiff alleges defendant billed her debit card. (Proposed Am. Compl. ¶ 39.) For purposes of the EFTA, whether plaintiff used a credit or a debit card is the operative fact. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) ("[The EFTA] does not apply to credit-based transactions."). As a result, relation back does not apply because the operative fact differs between complaints. *See Union P. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (finding relation back where the claim alleged in the new complaint "arose as a direct result of the facts surrounding" the original complaint).

Plaintiff urges the court to consider that defendant had notice she could amend her complaint to add the EFTA claim as of June 23, 2010, before the statute of limitations expired, when plaintiff produced documents indicating that the transaction was processed with a debit card. (Pl.'s Reply at 5.) Although knowledge by a party may allow relation back when the amendment adds a party or changes a current party's name, FED. R. CIV. P. 15(c)(1)(C), this is not the standard applied to adding a claim. Moreover, plaintiff's contention fails when the court

considers whether the complaints "share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question." *Martell*, 872 F.2d at 327. The operative fact changed between complaints; the fact that defendant may have possessed this information is irrelevant. Rather, the question is whether the relevant information in the prior complaint put defendant on notice, which is not the case here. The very fact that plaintiff was in possession of this information before the statute of limitations expired convinces the court that relation back is inapplicable to this claim. Although it is true that "'the defendant knows that the whole transaction described [in a suit commenced in federal court] will be fully sifted,'" *Union*, 950 F.2d at 1432 (quoting *Martell*, 872 F.2d at 326), this cannot be the case where the information was in plaintiff's possession at the time the original complaint was filed. Plaintiff had ample opportunity to amend her complaint to timely assert a claim for violation of the EFTA and failed to do so, demonstrating a lack of diligence.

Plaintiff's motion to amend is denied insofar as she seeks to allege violation of the EFTA. Claim IX accordingly is stricken from the amended complaint.

5.   Breach of Contract

Defendant does not oppose plaintiff's motion to amend with regard to her breach of contract claim; however, it moves for judgment on the pleadings on this claim. (Def.'s Mot. at 9.) Defendant contends that plaintiff fails to properly allege the elements of a breach of contract claim because she does not allege that defendant failed to perform its obligations under an agreement. (*Id*.)

Plaintiff contends that while she agreed to pay $1.97, she did not agree to pay the additional fees she was charged by defendant. (Pl.'s Opp'n at 11.) Thus, plaintiff contends, defendant breached the contract by charging her an unauthorized amount. (*Id*.) Furthermore,

///

plaintiff alleges defendant breached the contract because it had no intention of charging only $1.97 or delivering the product. (*Id*. at 12.)

"To be entitled to damages for breach of contract, a plaintiff must plead and prove the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff." *General Sec. Servs. Corp. v. County of Fresno*, 2011 U.S. Dist. LEXIS 99424, at *20 (E.D. Cal. Sep. 2, 2011). Here, plaintiff has pled the existence of a contract that she performed by paying $1.97, that defendant breached the contract by charging more than the disclosed price and not sending the product, and that she lost money as a result. (Proposed Am. Compl. ¶¶ 112-117.) Plaintiff thus has adequately pled her breach of contract claim. Accordingly, defendant's motion for judgment on the pleadings with respect to plaintiff's claim for breach of contract is denied. Plaintiff's motion for leave to file an amended complaint is granted as to this claim.

      6.      Additional Defendant

Federal Rule of Civil Procedure 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Accordingly, plaintiff's motion for leave to amend is granted insofar as she seeks to add Bloosky Interactive, LLC as a defendant.

///

///

///

III. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint is granted as to claims I to VI and VIII: for violation of the CFLA, the CLRA, and the UCL, fraud in the inducement, conspiracy to commit fraud in the inducement, breach of contract, and restitution/unjust enrichment against Bloosky. It is denied as to claims VII and IX: restitution/unjust enrichment against defendant and violation of the EFTA. Plaintiff shall file an amended complaint that comports with this order within twenty-one days of its entry and serve defendant Bloosky Interactive, LLC with the amended complaint within 120 days of filing the amended complaint. Defendant's motion for judgment on the pleadings is denied as to plaintiff's claim for breach of contract and denied as moot in its remainder.

IT IS SO ORDERED.

DATED: January 6, 2012.

_____
UNITED STATES DISTRICT JUDGE